UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CR-80188-RLR

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

AUNDRE AARONS,

        Defendant.
_____/

# REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND TO SUPPRESS [ECF Nos. 153, 180]

Aundre Aarons moves to suppress evidence obtained in a border search when he re-entered the United States from Costa Rica. ECF No. 180. He also moves to dismiss Count 4 of the Superseding Indictment, or in the alternative requests a bill of particulars. ECF No. 153. I have reviewed the motions and the Government's responses. ECF Nos. 175, 191. I conducted an evidentiary hearing on August 15, 2023. I am fully advised and this matter is ripe for decision. For the following reasons, the motions should be DENIED.

        I.      MOTION TO DISMISS COUNT 4

Count 4 of the Superseding Indictment charges Mr. Aarons with participating in a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). ECF No. 8 at 11-12. Mr. Aarons moves to dismiss this count on the grounds that that Superseding Indictment does not contain sufficient facts from which a jury could find that

Mr. Aarons joined a criminal conspiracy. His motion should be denied because an indictment is not required to plead these facts. Federal Rule of Criminal Procedure 7(c) requires the indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is legally sufficient if it tracks the language of the charged statute and includes enough facts and circumstances to "apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003).

Count 4 meets these requirements. It tracks the language of Section 1956(h). It alleges a concealment theory of money laundering. It identifies the predicate specified unlawful activities. It alleges the timeframe of the alleged criminal conduct. Those allegations are legally sufficient.

Mr. Aarons' challenge to the factual sufficiency of the indictment are premature. He should raise those issues at the close of the Government's case-in-chief.

Mr. Aarons' alternative request for a bill of particulars should also be denied. He asks for the particulars about "each and every act the Government intends to prove constituted the Defendant's knowledge of and agreement to enter into a conspiracy to money launder between December 2017 and August 2021." ECF No. 153 at 6. Federal Rule of Criminal Procedure 7(f) gives the trial court discretion to order a bill of particulars. "A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, and it "is not designed to compel the government to

detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (citations omitted). The Government's Response represents, and Mr. Aarons does not dispute, that he has been provided voluminous discovery about the facts of the case, and that a discovery conference was held between counsel where the Government "described the evidence against the defendant and answered all of counsel's questions about the Government's case." ECF No. 175 at 13-14. No bill of particulars should be ordered.

## II.   MOTION TO SUPPRESS

Mr. Aarons moves to suppress "all evidence, documents, and materials including but not limited to the Defendant's cellphone and its contents, that were seized by law enforcement agents on November 19, 2019, in Fort Lauderdale, Florida, and thereafter, searched without a warrant." ECF No. 180 at 1.

*A. Facts*

The following facts were established at the evidentiary hearing:

In November, 2019, federal agents were investigating Dion De Cesare and others for multiple crimes, including human trafficking, money laundering, and operating an illegal gambling business. Based on a search of Mr. De Cesare's phone, agents were aware of a multi-year series of text communications between Mr. De Cesare and Mr. Aarons. They also knew from court-authorized wire interceptions that Mr. De Cesare and Mr. Aarons were planning to travel to Costa Rica together. They

also knew that Mr. De Cesare frequently took cash to Costa Rica and used others to carry cash to Costa Rica for him.

On November 16, 2019, Mr. De Cesare and Mr. Aarons both went to the Fort Lauderdale airport to take the same flight to Costa Rica. At the gate, they made eye contact but sat separately and otherwise ignored each other. Agents questioned Mr. Aarons when he went to board the plane. He said he was traveling alone, was going to Costa Rica to see a woman he met online, and was carrying about $5000 of his own money.

Three days later, Mr. Aarons returned to Fort Lauderdale from Costa Rica. He was detained for inbound inspection. He initially said he had traveled alone, but after being warned about making false statements to federal agents, he admitted to "meeting up" with Mr. De Cesare in Costa Rica. He admitted the $5000 he carried to Costa Rica belonged to Mr. De Cesare. He also said that Mr. De Cesare did not have bank accounts in his own name because of his tax problems.

Agents seized Mr. Aarons' cellphone and searched it without a warrant. According to Mr. Aarons' motion to suppress, "Law enforcement ultimately extracted numerous text messages from the phone without a warrant which purportedly contain evidence of conspiracy to money launder, which the Government intends to use at trial." ECF No. 180 at 2. The text messages were not offered in evidence.

B.   *Discussion*

Citing to cases outside the Eleventh Circuit, Mr. Aarons argues that (1) law enforcement lacked the reasonable suspicion required for a non-routine border search

and (2) law enforcement may conduct a border search of a cellphone only when there is reason to believe the phone contains contraband. Both of these arguments are directly contrary to the Eleventh Circuit's controlling decision in *United States v. Touset*, 890 F.3d 1227 (11th Cir. 2018).

In *Touset,* the Court of Appeals rejected the defendant's argument that law enforcement needed reasonable suspicion to conduct a warrantless forensic search of a cellphone seized at the border. Rather, it held, "[N]o suspicion is necessary to search electronic devices at the border." *Id*. at 1229.

In the alternative, there was reasonable suspicion to search Mr. Aarons' phone. Law enforcement knew that Mr. Aarons and Mr. De Cesare had been engaging in a multi-year series of text messages. They also knew that Mr. Aarons and Mr. De Cesare were talking over the phone. Mr. Aarons acted suspiciously at the airport on the outbound flight and gave false answers during his outbound interview. When he returned, he first gave evasive answers then gave incriminating ones. Taken together, these facts provided reasonable suspicion that evidence of crime — at a minimum, the same text messages found on Mr. De Cesare's phone — would be found on Mr. Aarons' phone.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court DENY Mr. Aarons' Motion to Dismiss Count 4 and his Motion to Suppress.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 28th day of August 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE